UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL McGEE, JR.

               Petitioner,

       v.                                        Case No.  10-C-0995

UNITED STATES OF AMERICA,

               Respondent.

## DECISION AND ORDER DENYING § 2255 MOTION, DISMISSING CASE, AND ISSUING CERTIFICATE OF APPEALABILITY ON ONE ISSUE

At the conclusion of a jury trial, Michael McGee, Jr. was convicted of three counts of extortion, five counts of solicitation of a bribe, and one count of structuring transactions to evade reporting requirements.  The offenses involved McGee's demands and receipt, while he was a Milwaukee alderman, of cash, food, and cellular telephones from business owners in exchange for liquor licenses issued by the City.  One of the business owners, Adel Kheirieh (a/k/a Jack Adel), was a key witness at trial.  The court sentenced McGee to seventy-eight months of imprisonment and three years of supervised release.[1]  *United States v. McGee*, No. 07-CR-177, judgment at 1-2 (E.D. Wis. Oct. 30, 2008).  McGee's sentence was substantially below the advisory Guidelines range of 151 to 188 months of imprisonment. *See United States v. McGee*, No. 07-CR-177 statement of reasons at 1 (E.D. Wis. Oct. 30, 2008).

McGee appealed his conviction, arguing violation of the Confrontation Clause and hearsay rules, improper use of evidence summaries, and the imposition of excessive

---

[1]Count 4 resulted in a forty-eight-month sentence of imprisonment while the remaining counts resulted in seventy-eight-month sentences.  All sentences were concurrent for a total term of seventy-eight months.

restitution. The Seventh Circuit affirmed the conviction and sentence except as to the restitution issue. The case was remanded solely for entry of a new restitution amount. *United States v. McGee*, 612 F.3d 627 (7th Cir. 2010).

Title 28 U.S.C. § 2255 provides that a prisoner under a federal sentence may move the court that imposed the sentence to vacate it, set it aside, or correct it if the Constitution or federal law was violated, the court was without jurisdiction, or the sentence was greater than the maximum authorized by law. McGee has filed a motion under § 2255 asserting four grounds for relief: (1) violation of the Confrontation Clause and hearsay rules, (2) ineffective assistance of counsel, (3) miscalculation of sentencing guidelines, and (4) prosecutorial misconduct. (Doc. 1 at 4-8.)

(1)     Confrontation Clause

The Sixth Amendment guarantees an accused the right to confront the witnesses against him. U.S. Const. amend. vi. In its decision on McGee's direct appeal, the Seventh Circuit discussed the trial testimony of an FBI agent, George Strong, regarding the procurement of a wiretap warrant, including what a preliminary investigation revealed, why the U.S. Attorney believed the evidence enough to support a wiretap application, and the agreement of a district judge through issuance of the warrant. The appellate court found that admission of such testimony and the wiretaps was improper:

> Before the trial was two hours old, the essence of the prosecutor's case had been laid before the jury. And not a word of this evidence was from a witness with first-hand knowledge or subject to cross-examination. The process violated both the confrontation clause of the sixth amendment and the hearsay rule.

*McGee*, 612 F.3d at 630. Nevertheless, the court affirmed McGee's conviction. Counsel had not objected to the testimony at trial, and on appeal McGee failed to satisfy the plain-error standard. *Id.* at 631.

McGee raises his Confrontation Clause argument again on collateral review, pointing to the Seventh Circuit's finding that a violation occurred. But McGee cannot gain on collateral review the relief he was denied on direct review. The appellate court determined that plain error had not occurred. The law-of-the-case doctrine applies to the appellate court's conclusion that plain error was not shown. McGee failed to establish any adverse effect on his substantial rights, i.e., he failed to establish serious prejudice. *See* 612 F.3d at 631. And issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). A § 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Id.* (internal quotation marks omitted). This issue has already been decided against McGee and this court will not revisit it.

(2)     Ineffective Assistance of Counsel

McGee asserts that he was denied the effective assistance of counsel contrary to the Sixth Amendment. A claim of ineffective assistance of counsel is properly raised in a § 2255 motion even if it could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003). To show ineffective assistance of counsel McGee must establish that his counsel's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For the performance prong of the *Strickland* test, McGee must establish that "counsel's representation fell below an objective standard of reasonableness." *See id.* at

688. The court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. *Strickland* permits a wide latitude of permissible attorney conduct. *See id.* at 689. Judicial scrutiny is "highly deferential" and the court strongly presumes that counsel's conduct was reasonable. *Id.* McGee must overcome the presumption that the challenged action might be considered sound trial strategy. *See id.* Counsel's performance must be evaluated from his perspective at the time; hindsight should not distort the evaluation. *Id.*

As to prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed. *Id.*

McGee claims that counsel failed to object to the government's use of unconstitutional and hearsay evidence (discussed in section (1) above). According to McGee, counsel's decision not to object was not sound strategy, and, had counsel objected, McGee's appeal would have succeeded and he would have been granted a new trial. Also, counsel failed to call witnesses or offer other evidence contradicting the testimony of Agent Strong.[2] McGee contends that counsel should have told the jury that a wiretap presentation by the government is one-sided and should have attacked Strong's

---

[2]For instance, says McGee, counsel failed to rebut Strong's testimony that he received a complaint from a citizen who said Jack Adel was being forced out of his organization. (Doc. 8 at 16.) McGee says Earl Butler and Mose Fuller, two witnesses whose affidavits McGee presented with his reply brief, would have rebutted the statement. (*Id.* at 16-17.)

4

credibility, particularly regarding testimony that authorities had enough evidence prior to the wiretap authorization in this case with which to convict McGee. (*Id.* at 5-6.)[3] McGee says Agent Strong and Agent Dan Hargraves were engaged in, and directed Jack Adel to initiate, a voter fraud scheme in which they hoped to implicate McGee. (*Id.* at 12.) But counsel failed to seek admission of a video or audio in which Hargraves instructs Adel on how to implicate McGee in the vote-buying scheme. (*Id.* at 13.)

This court need not address whether counsel's performance regarding any of these matters was deficient, because McGee has failed to establish any prejudice under *Strickland*. As confirmed by discussion in the Seventh Circuit's opinion, there is no reasonable probability that had counsel objected to the impermissible testimony of Agent Strong or challenged Strong's credibility the result of the proceeding would have been different. As recognized by the Seventh Circuit, no important part of Agent Strong's narration was left without support from admissible evidence introduced later. 612 F.3d at 631. Several victim witnesses with personal knowledge of McGee's demands testified at trial, eliminating any prejudice from Strong's hearsay testimony. And other evidence at trial, all subject to cross-examination, was overwhelming concerning McGee's guilt. *See id.* Much of the evidence came from recordings of McGee's conversations. Consequently, the outcome of the case would have been the same regardless of whether defense counsel offered evidence drawing into question Strong's credibility or testimony about the wiretaps.

---

[3]McGee argues that only the actions in count one, extortion of Joe Jabeer, occurred before the wiretap authorization; therefore it was "disingenuous for the government to tell the jury that it had 'enough evidence' before the wiretap by which to convict McGee." (Doc. 8 at 6.)

Next, McGee contends that counsel's defense theory "was irrelevant to the case established" against McGee at trial. (*Id.*) According to McGee, counsel focused solely on his conspiracy theory, attempting to persuade the jury that the government's "star" witness, Jack Adel, conspired with others to remove McGee from his political office. As to this claim, the court finds no deficient conduct on counsel's part. Counsel is permitted wide latitude in trial tactics and strategy, and because of the role Adel's testimony played in the government's case, attacking Adel's testimony and motives was reasonable.

Next, argues McGee, during trial various witnesses were shown a photograph of Dennis Walton, yet counsel failed to investigate the government's use of pretrial identification procedures regarding Walton. McGee says Walton's identification by witnesses was crucial to his conviction because, for instance, Walton was alleged to have received money for McGee. He contends that prior to trial witnesses had been shown a single photograph, points to caselaw regarding suggestive lineups, and argues that Adel persuaded witnesses that Walton was the man to whom they gave money. (Doc. 8 at 6-8.) As McGee puts it, "[t]he government failed to produce witnesses who could independently identify Dennis Walton." (*Id.* at 9.)

Here, the court finds neither deficient performance nor prejudice. McGee provides nothing indicating that witnesses identifying Walton were incorrect and that he suffered any prejudice regarding how Walton was identified. Nor does any concern about the identifications of Walton by witnesses reduce the strength of the recordings and victim-witness testimony regarding McGee's own actions.

McGee submits that counsel failed to impeach Adel with evidence that Adel gave cell phones and food to elected officials other than McGee. According to McGee, that

activity suggests that Adel's generosity was not due to pressure from McGee about Adel's liquor license. (*Id.* at 14.) Also, Adel testified that McGee borrowed money and never paid it back, but counsel failed to introduce evidence of two phone calls indicating that McGee was on his way to repay Adel. (*Id.*) Further, McGee contends that counsel failed to impeach Adel or Joe Jabeer by using McGee's statement, when asked by Adel if he had received money from Jabeer, that "Joe Joe didn't give nothin'." (Doc. 8 at 10.)

These matters, even if challenged, would not have created a reasonable probability that the result of the trial would have been different. Whether other officials were receiving improper cell phones from Adel would not have made McGee's actions permissible. And the other desired attacks on Adel's testimony would have had, at most, a very small effect on the case in light of Adel's overall testimony plus the damning evidence from the recordings and other witnesses.

Further, McGee maintains that counsel could have explained to the jury why certain funds from a cashed check were not reported on his campaign finance statement. He explains that the lack of reporting was caused by his need to pay cash to many of his election workers who did not have bank accounts, his and his staff's non-traditional record keeping, and on his arrest prior to reconciling his campaign account. (Doc. 8 at 10-11.) According to McGee, defense counsel's failure to introduce this evidence "left a huge gap of unanswered questions and suspicions in each juror's minds." (*Id.* at 11-12.)

Again, there is no reasonable probability that, but for these alleged failures by counsel, the result of the proceeding would have been different. That McGee's record keeping was nontraditional and that he paid workers in cash would have done nothing to draw suspicion away from him regarding the counts of conviction.

7

Finally, McGee contends that at sentencing counsel failed to refute allegations that the court took into account when determining the sentence. For instance, he asserts that Mose Fuller could have testified at sentencing to explain that no utilities were stolen by Rapid Response from other tenants, an issue that McGee says played a part in the court's sentencing determination. (*Id.* at 16-17.)

Although the utility issue was noted at sentencing, *United States v. McGee*, Tr. of Oct. 28, 2008, at 197 (E.D. Wis. filed Mar. 30, 2009), the court can say with confidence that any such testimony regarding Rapid Response would have made no difference in McGee's sentence. McGee received a sentence substantially below the U.S. Sentencing Guidelines range, with full consideration of the factors set forth in 18 U.S.C. § 3553(a). The proposed testimony of Fuller would not have warranted a lower sentence.

Even considering all of the alleged failures together and assuming for argument's sake that they were deficiencies by counsel, the court finds no reasonable probability that the outcome of trial and sentencing would have been any different had they not occurred. Therefore, this claim provides no basis for relief.

(3)     Sentencing Guidelines Calculation

As his third ground for relief, McGee asserts that his Guidelines range was miscalculated because U.S.S.G. § 3D1.2(d) and 3D1.3(b) cannot be used under U.S.S.G. § 1B1.3 to determine a single offense level for a group of offenses, as indicated in the commentary of the 2007 Guidelines as compared to the 2005 Guidelines and Amendment 707. These Guidelines provisions concern the grouping of offenses and it is unclear exactly what change to the Guidelines McGee thinks occurred.

8

But McGee failed to raise this argument on appeal.  Claims available but not raised on appeal are procedurally defaulted.  *Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004).  And a procedurally defaulted claim can be raised in a § 2255 proceeding only if the defendant demonstrates cause for and prejudice from the default or that he is actually innocent.  *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).  Cause is shown when some objective factor external to the defense impeded his efforts.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  McGee says he failed to raise this issue on appeal because it did not come to his attention until later.  (Doc. 1 at 8.)  But that is insufficient; no external factor impeded his or counsel's discovery of this issue.

Moreover, McGee fails to develop this argument in this case.  He has not suggested what he believes the proper Guidelines offense level should have been, how that might have affected his sentence, or how Amendment 707 applies.  The court need not develop his argument for him.

Additionally, McGee's Guidelines argument fails because error in calculating a nonbinding Guidelines range is not of constitutional or jurisdictional magnitude or a miscarriage of justice for § 2255 purposes.  *United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014), *petition for cert. filed*, No. 14-8459 (Feb. 13, 2015); *accord Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1280 (2014).  Since the Guidelines became advisory, sentencing judges have independently determined appropriate sentences in light of the factors in 18 U.S.C. § 3553(a).  Although the Guidelines may be influential in that determination, relief for a Guidelines calculation error is unavailable even if the judge might have imposed a lower sentence under the proper Guidelines range.  *Coleman*, 763 F.3d at 708-09.

In McGee's case, the Guidelines were treated as advisory and this court determined the appropriate sentence under § 3553(a), in fact giving a sentence substantially below the Guidelines range. *See United States v. McGee*, No. 07-CR-177, judgment and statement of reasons (E.D. Wis. Oct. 30, 2008). Thus, this argument cannot succeed on review under § 2255.

(4)     Prosecutorial Misconduct

In his final ground for relief, McGee asserts prosecutorial misconduct in the presentation of Agent Strong's testimony to vouch for the wiretap procedures. McGee points to the Seventh Circuit's opinion that the AUSA improperly introduced the evidence in violation of the Confrontation Clause and hearsay rules; he contends that "[t]his inexcusable act, contaminated and prejudiced [his] right to a fair jury trial." (Doc. 1 at 8.)

Again, McGee failed to raise this issue on direct appeal and, therefore, procedurally defaulted it. But even if considered, the argument is simply a reworking of the Confrontation Clause argument rejected by the Seventh Circuit. *Cf. United States v. Myers*, 569 F.3d 794, 800 n.1 (7th Cir. 2009) (stating that the Confrontation Clause applies when a witness testifies and that prosecutorial misconduct applies to statements or arguments about testimony that someone might have given but did not).

Even analyzed under prosecutorial misconduct standards, the claim fails. To succeed on a claim of prosecutorial misconduct the defendant must show that the remark in isolation was improper and that he was prejudiced in light of the entire record. *Id.* at 798; *United States v. Jean*, 25 F.3d 588, 597 (7th Cir. 1994). Prejudice occurs when a prosecutor's comments or actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Myers*, 569 F.3d at 799 (internal quotation

marks omitted). The prejudice element involves consideration of (a) whether the prosecutor misstated (or in this case misused) the evidence; (b) whether the remark implicated a specific right; (c) whether the defendant invited the remark; (d) whether the district court provided a curative instruction; (e) whether the defendant had an opportunity to rebut the remark; and (f) the weight of the evidence against the defendant. *Id.* "Strong evidence of guilt eases any lingering doubt that a remark unfairly prejudiced the jury's deliberation." *Jean*, 25 F.3d at 597.

Here, the prosecutor misused evidence in violation of the Confrontation Clause, McGee did not invite the action, and no curative instruction was given. However, the other two considerations are overwhelmingly against McGee. McGee had the opportunity to cross-examine Agent Strong and, importantly, had opportunities throughout the trial to cross-examine the witnesses with first-hand knowledge of pertinent events. And as noted by the Seventh Circuit, the evidence against McGee, including recordings of his own conversations and actions, very strongly supported the jury's guilty verdict on all counts. *McGee*, 612 F.3d at 627. On appeal, McGee failed to meet the plain-error standard regarding Agent Strong's testimony, which meant he failed to show "serious prejudice" or an adverse effect on his "substantial rights." *Id.* Looking at the record as a whole, including McGee's opportunities to rebut the evidence and the amount and type of evidence against him, the court believes the trial was not infected with such unfairness that McGee was denied due process. Therefore, his § 2255 motion must be denied.

CERTIFICATE OF APPEALABILITY

Before a § 2255 movant may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *see Miller-El*

*v. Cockrell*, 537 U.S. 322, 327, 335-36 (2003).  The district court should issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11, Rules Governing § 2255 Proceedings.

A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner makes a "substantial showing" by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The certificate of appealability determination is not a second assessment of the merits.  *See Miller-El*, 537 U.S. at 327, 336.  Instead, the determination requires only a threshold inquiry into the debatability of the district court's decision—"an overview of the claims in the habeas petition and a general assessment of their merits."  *Id.* at 336.  The petitioner need not demonstrate that the appeal will succeed.  *Id.* at 337.  A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner.  *Id.* at 338; *see also Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) ("[C]ertificates properly issue in many cases in which the prisoner will fail on full merits review.")  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *Miller-El*, 537 at 342.

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement.  28 U.S.C. § 2253(c)(3); *Davis*, 349 F.3d at 1028, 1029.  If the court denies the request for a certificate of appealability, it must state its reasons.  Fed. R. App. P. 22(b)(1).

As to three of the issues discussed above, McGee cannot show a debatable denial of any constitutional right. Grounds for relief (1), (3), and (4) either were decided on appeal or procedurally defaulted, and additional reasons for their denial exist. Reasonable jurists would not debate their resolution.

However, a certificate of appealability will issue as to the ineffective assistance of counsel claim. The Seventh Circuit has indicated that counsel failed to object to a Confrontation Clause violation, and that court speculated as to the reason why. Whether counsel's failure caused prejudice could be debated by reasonable jurists. Moreover, trial reasonable jurists could debate counsel's tactics and strategy.

## CONCLUSION

Therefore,

IT IS ORDERED that McGee's § 2255 motion is denied and this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is granted as to the ineffective assistance of counsel issue but is otherwise denied.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE